UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| VIAHART, LLC<br><br>　　　　Plaintiff,<br><br>v.<br><br>DOES 1-54<br><br>　　　　Defendants | Civil Action No. 6:18-cv-00604<br><br>Judge: Hon. Robert W. Schroeder, III<br><br>Magistrate: Hon. K. Nicole Mitchell |

**THIRD AMENDED COMPLAINT**

Plaintiff Viahart LLC files this Third Amended Complaint for trademark infringement and counterfeiting against Defendants, on personal knowledge as to Plaintiffs' own activities, and on information and belief as to the activities of others.

**The Parties**

1.　VIAHART, LLC is a Texas Limited Liability Company with a principal place of business at 1321 Upland Dr. 6481, Houston, Texas 77043.

2.　Defendants identified in the attached Exhibit 1 are, upon information and belief, individuals and unincorporated business who reside in foreign jurisdictions.

3.　The currently known Defendants' names and/or online identities and email addresses gathered from various subpoenas are identified as follows:

　　1. <u>AliExpress Merchant 3881034</u>, (AliExpress Merchant ID 3881034), haixingche@outlook.com

2. AliExpress Merchant 2787219, (AliExpress Merchant ID 2787219), cdcdkj001@163.com
3. AliExpress Merchant 4425070, (AliExpress Merchant ID 4425070), miji2018smt@outlook.com
4. He GangPeng, (Amazon Merchant ID AJYNYA8630I9M), easykan@outlook.com
5. Susan, (Amazon Merchant ID A20Z3ELGQABZSB), susan.yangyang@msn.cn
6. Shi Jiandong, (Amazon Merchant ID A2Z93L6LNLURIS), europax@163.com
7. Xiaoxiaobing, (Amazon Merchant ID A2AD91R287398F), huniannian@yahoo.com
8. Amazon Merchant A313B60UMAGO78, (Amazon Merchant ID A313B60UMAGO78), chaogecnguo@gmail.com
9. Barron Liu, (Amazon Merchant ID A3J80Y0PWCN0BE), admin@favtoyisland.com
10. Hu Qi Bo, (Amazon Merchant ID A35U19W8PIKVKO), 491749025@qq.com
11. Zheng Honglie, (Amazon Merchant ID A1QMF154JCVB2), ekatedy@hotmail.com
12. Valeriy Shershnyov, (Amazon Merchant ID A18VWAUVNOAE1), alteroxity@gmail.com
13. Chen Jian, (Amazon Merchant ID A3A8WOQ3UNIYPT), zhongchuang@coolstrack.com
14. Zhou Aixia, (Amazon Merchant ID A74ML93UP6MZS), zhouaixia@yahoo.com and ywbj17046885441@163.com
15. Lin Zhi Ming, (Amazon Merchant ID A2AFIEYVUKKTLV), dfgadfgad@outlook.com
16. Yang, (Amazon Merchant ID A2KVLA8D0TL7N), pigflytech@gmail.com
17. Jenny, (Amazon Merchant ID A3AWH3ZFR0Q9C9), shadowe99@163.com
18. Amazon Merchant A2XWI8EMDNSLFT, (Amazon Merchant ID A2XWI8EMDNSLFT), angelkaylachen@sina.com
19. Deng Qiu Ju, (Amazon Merchant ID A1S8P6QXTTYCQC), flowerdeng2015@gmail.com
20. Wang Yadi, (Amazon Merchant ID A2IRM62S1ETSDC), chenablsell1@163.com
21. Romirus, (Amazon Merchant ID A35H2YRY17URQF), info@romirus.com and service@romirus.com
22. Mofa, (Amazon Merchant ID A7P0OR0M98FB), sales@mofa.com.hk
23. Xianhu Xu, (Amazon Merchant ID A1BZXWEBKB6Q1K), 245425645@qq.com
24. Che Haixing, (Amazon Merchant ID A1U4TQ5Y6BJK3P), haixingche@outlook.com
25. Huizi Xiu, (Amazon Merchant ID A1QJIV4F6VC9SS), 15905172331@sina.cn
26. Amazon Merchant A3VXTGZFH66VS0, (Amazon Merchant ID A3VXTGZFH66VS0), sales1@bwontoys.com
27. Benjamin Chen, (Amazon Merchant ID A2LWM8PXEE9AA), gzsfmy@yahoo.com

28. Vinvin Zhu, (Amazon Merchant ID A3IOKUU6GOY6GO), zhuqunyun153@126.com
29. Tanjun, (Amazon Merchant ID ATUGN1QJLNG5V), tanjun201507@outlook.com
30. Xiaoni Huang, (Amazon Merchant ID A1SMTP2TAXAHY2), e906508@163.com
31. eBay Merchant greenshop333, (eBay Merchant ID greenshop333), greenshop201318@gmail.com
32. Isaac Berez, (eBay Merchant ID ibereplus), isaacfastracer@gmail.com
33. eBay Merchant kairuigeli 2007, (eBay Merchant ID kairuigeli_2007), kairuigeli2007@163.com
34. Tadas Liaukevicius, (eBay Merchant ID Sellerfromtheheard), tadasliaukevicius@gmail.com
35. Hualan Lv, (eBay Merchant ID heihutech), foxforeb@hotmail.com
36. eBay Merchant lynl2010, (eBay Merchant ID lynl2010), 2010lynl@gmail.com
37. Shenzhenshi Yishitongda Trade Co., Ltd., (Joom Merchant ID Uncle Panda), 389432637@qq.com
38. Yiwu Ouqing E-Commerce Co., Ltd., (Joom Merchant ID OQ Fashion), oqjoom@163.com
39. Beijing Wanpinghui Network Technology Co. Ltd., (Joom Merchant ID ExcellentE), wonderful-jm@outlook.com
40. Zhejiang Kaseng Educational Toys Co., Ltd., (Alibaba Store Link https://zjkaseng.en.alibaba.com/?spm=a2700.details.cordpanyb.4.74cd6f73qrrqib), sale04@365toys.com
41. Zhipeng Liu, (Tophatter Merchant ID 16451179), cwdklq23@outlook.com
42. Wish Merchant 58bf441d22353f15a68eb50a, (Wish Merchant ID 58bf441d22353f15a68eb50a), 364409163@qq.com
43. Wish Merchant 580efffcf6978b4fe5a4a428, (Wish Merchant ID 580efffcf6978b4fe5a4a428), 346919445@qq.com
44. Wish Merchant 595d0bda7fe241085e8add7b, (Wish Merchant ID 595d0bda7fe241085e8add7b), 13299508974@163.com
45. Wish Merchant 58a1bcf85779387d5d5ee71e, (Wish Merchant ID 58a1bcf85779387d5d5ee71e), 3297047239@qq.com
46. Wish Merchant 57304c49aae1ab5afd97089d, (Wish Merchant ID 57304c49aae1ab5afd97089d), carina9125@hotmail.com
47. AliExpress Merchant BOHS, (AliExpress Merchant ID BOHS), 2656837736@qq.com
48. Liu Juan, (Amazon Merchant ID AB7DGX0ESP337), funey@foxmail.com
49. Aszune, (Amazon Merchant ID A6FF6F0ANB4MQ), tushuang2015@outlook.com
50. Amazon Merchant A1XGKP3JJOJ5IF, (Amazon Merchant ID A1XGKP3JJOJ5IF), fullsexymall@outlook.com
51. Thomas, (Amazon Merchant ID A1OH8S80XODAC), thomas254lance@outlook.com

3

52. Yinfengxu, (Amazon Merchant ID A2PNXE4GXG3N4O), jinhuamike@sina.com
53. Xu Wang Xiang, (Amazon Merchant ID A1XTNY8OCSPFGO), oceancitycs02@gmail.com
54. Amazon Merchant A27VYNL3YSM453, (Amazon Merchant ID A27VYNL3YSM453), oceancitycs02@gmail.com
55. Qi Yun Yun, (Amazon Merchant ID A1MCS48KTF67M6), lyggo3us@hotmail.com
56. Amazon Merchant A2AD91R287398F, (Amazon Merchant ID A2AD91R287398F), huniannian@yahoo.com
57. Tang Qian, (Amazon Merchant ID A6MI6X9RLEDV0), meiyadiqian@126.com
58. Man Xiang, (Amazon Merchant ID A2C1F5PB8ARUFC), manxiang2013@gmail.com
59. Guangwu Li, (Amazon Merchant ID A3SC8AROK5R4F3), longtengli1028@outlook.com

4. Defendants conduct illegal operations through interactive commercial websites hosted on various e-commerce platforms, such as Amazon, eBay, Wish, Alibaba and Ali Express ("Infringing Websites"). Each Defendant targets consumers in the United States, including the State of Texas, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit products that violate Plaintiff's intellectual property rights ("Counterfeit Products") to consumers within the United States, including the State of Texas and Eastern District of Texas. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

5. Through their operation of the Infringing Websites, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Counterfeit Products, often as partners, co-conspirators, and/or suppliers.

6. Upon information and belief, Defendants are an interrelated group of counterfeiters working in concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit Products.

7. Defendants intentionally conceal their identities and the full scope of their counterfeiting operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal counterfeiting operations. The identities of many of these Defendants, besides the 11 Defendants identified above, are presently unknown. If the identities of the now-unknown Defendants become known, Plaintiff will promptly amend this Complaint to identify them.

## Jurisdiction and Venue

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because the claims arise under the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq*. This Court further has original jurisdiction over this action pursuant to 15 U.S.C. § 1121.

9. This Court has personal jurisdiction over Defendants in that they transact business in the State of Texas and in the Eastern District of Texas.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that Plaintiff is domiciled in Texas and Defendants are entities or individuals subject to personal jurisdiction in this District. Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and

Defendants directly target business activities towards consumers in the State of Texas.

**Background Facts**

11. Plaintiff is engaged in the business of manufacturing, distributing, and retailing high quality toys and educational products throughout the world, including within the Eastern District of Texas (collectively, the "Plaintiff Products") under the federally registered trademarks identified in Paragraph 11, below. Defendants' sales of Counterfeit Products in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

12. Plaintiff is the owner of all rights, title and interest in and to, the VIAHART mark, U.S. Reg. No. 5407364, the GOODMINTON mark, U.S. Reg. No. 5370197 mark, and the BRAIN FLAKES mark, U.S. Reg. No. 5049910 (the "Marks"). The registrations are valid, subsisting, unrevoked, uncancelled, and incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Marks constitute prima facie evidence of validity and of Plaintiff's exclusive right to use the Marks pursuant to 15 U.S.C. § 1057(b). A genuine and authentic copy of the U.S. federal trademark registration certificates and Trademark Electronic Search System ("TESS") records for the VIAHART, GOODMINTON, and BRAIN FLAKES marks are attached as Exhibit 2.

13. Plaintiff's brands, symbolized by the GOODMINTON and BRAIN FLAKES marks, are a recognized symbol of high-quality toys and educational products. As

detailed below, Plaintiff has been using the GOODMINTON and BRAIN FLAKES marks for many years in connection with the advertising and sale of Plaintiff's Products in interstate and foreign commerce, including commerce in the State of Texas and the Eastern District of Texas.

14. The GOODMINTON and BRAIN FLAKES marks have been widely promoted, both in the United States and throughout the world. Consumers, potential consumers, and other members of the public and the toy industry not only associate Plaintiff's Products with exceptional materials, style, and workmanship, but also recognize Plaintiff's Products sold in the United States originate exclusively with Plaintiff.

15. As of the date of this filing, Plaintiff's Products are sold globally in retail markets and via the world-wide web.

16. Plaintiff maintains quality control standards for all Plaintiff Products. Genuine Plaintiff Products are distributed through a worldwide network of distributors and retailers, as well as Plaintiff's primary website located at www.viahart.com ("Website"). Sales of Plaintiff Products via the Website represent a significant portion of Plaintiff's business. The Website features proprietary content, images, and designs exclusive to Plaintiff.

17. The GOODMINTON and BRAIN FLAKES marks are highly visible and distinctive worldwide symbol of excellence in quality and uniquely associated with Plaintiff and, as a result, Plaintiff Products bearing the GOODMINTON and BRAIN FLAKES marks have generated millions of dollars in revenue over the years.

18. The GOODMINTON and BRAIN FLAKES marks have never been assigned or licensed to any of the Defendants in this matter.

19. The Marks are a symbol of Plaintiff's quality, reputation, and goodwill and have never been abandoned.

20. Further, Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Marks.

21. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Plaintiff's ownership of the GOODMINTON and/or BRAIN FLAKES marks, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

22. In or around 2018, Plaintiff identified the GOODMINTON and BRAIN FLAKES marks being used on Counterfeit Products on Infringing Websites designed to resemble authorized Internet retail stores.

23. Defendants' use of the GOODMINTON or BRAIN FLAKES marks on or in connection with the advertising, marketing, distribution, offering for sale, and sale of the Counterfeit Products is likely to cause and has caused confusion, mistake, and deception among consumers and is irreparably harming Plaintiff.

24. Defendants have manufactured, imported, distributed, offered for sale, and sold Counterfeit Products using the GOODMINTON or BRAIN FLAKES Trademarks and continue to do so.

25. Defendants, without authorization or license from Plaintiff, knowingly and willfully used and continue to use the GOODMINTON and/or BRAIN FLAKES marks

in connection with the advertisement, offer for sale, and sale of the Counterfeit Products, through, inter alia, the Internet. The Counterfeit Products are not genuine Plaintiff Products. Plaintiff did not manufacture, inspect or package the Counterfeit Products and did not approve the Counterfeit Products for sale or distribution. Each Infringing Website offers shipping to the United States, including Texas, and, on information and belief, each Defendant has sold Counterfeit Products into the United States, including Texas.

26.     Defendants falsely advertise the sale of authentic Plaintiff Products through the Infringing Websites, often by stealing and copying Plaintiff's copyright-protected images and photographs of Plaintiff Products in violation of Plaintiff's copyrights and trademark rights. Defendants' Infringing Website listings appear to consumers to be legitimate websites and listings, authorized to sell genuine Plaintiff Products.

27.     Defendants also deceive consumers by using the GOODMINTON and/or BRAIN FLAKES marks without authorization within the content, and/or meta tags of the listings on Infringing Websites in order to appear in search engine results for Plaintiff Products.

28.     Defendants go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Websites. Upon information and belief, Defendants regularly create new Websites on various platforms using the identities listed in Exhibit 1 as well as other unknown fictitious names and addresses.

29. Upon serving subpoenas on the websites that host the Infringing Websites, Plaintiff discovered the identities of the 11 Defendants named in Paragraph 2 above.

30. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Counterfeit Goods that infringe upon the GOODMINTON and/or BRAIN FLAKES marks unless preliminarily and permanently enjoined.

31. Plaintiff has no adequate remedy at law.

**COUNT ONE**
**COUNTERFEITING**
**(15 U.S.C. §1114)**

32. Plaintiff repeats and realleges the foregoing allegations above as if fully set forth here.

33. Plaintiff's Marks and the goodwill of the business associated with them in the United States and throughout the world are of great and incalculable value. The Marks are highly distinctive and have become universally associated in the public mind with Plaintiffs' Products and related services. Consumers associate Plaintiff's Marks with Plaintiff as the source of the very highest quality products.

34. Without Plaintiff's authorization or consent, and having knowledge of Plaintiff's well-known and prior rights in Plaintiff's Marks and the fact that Defendants' Counterfeit Products are sold using marks which is identical or confusingly similar to Plaintiff's Marks, Defendants have manufactured, distributed, offered for sale, and/or sold the Counterfeit Products to the consuming public in direct

competition with Plaintiff's sale of genuine Plaintiff products, in or affecting interstate commerce.

35. Defendants' use of copies or approximations of Plaintiff's Marks in conjunction with Defendant's Counterfeit Products is likely to cause and is causing confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with, or are otherwise authorized by Plaintiff—all to the damage and detriment of Plaintiff's reputation, goodwill, and sales.

36. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill, reputation, and sales.

### COUNT TWO
### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. §1125(a))

37. Plaintiff repeats and realleges the foregoing allegations above as if fully set forth here.

38. The Counterfeit Products sold and offered for sale by Defendants are of the same nature and type as Plaintiff's Products, and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

39. By misappropriating and using Plaintiff's Marks, genuine product images, and trade names, Defendants misrepresent and falsely describe to the general public the

11

origin and source of the Counterfeit Products and create a likelihood of confusion by consumers as to the source of such merchandise.

40. Defendants' unlawful, unauthorized, and unlicensed manufacture, distribution, offer for sale, and/or sale of the Counterfeit Products creates express and implied misrepresentations that the Counterfeit Products were created, authorized, or approved by Plaintiff, all to Defendants' profit and damaging to Plaintiff.

41. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of Plaintiff's Marks, genuine product images, and trade names in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

42. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill, reputation, and sales.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendants in favor of Plaintiff on all counts as follows:

1. That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be preliminarily and permanently enjoined and restrained from:

    a. using Plaintiff's Marks or any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's Marks in connection with the

  distribution, advertising, offer for sale, and/or sale of merchandise not the genuine products of Plaintiff;

b. passing off, inducing, or enabling others to sell or pass off any Counterfeit Products as genuine products made and/or sold by Plaintiff;

c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing Plaintiff's Marks and damaging Plaintiff's goodwill;

e. competing unfairly with Plaintiff in any manner;

f. shipping, delivering, holding for sale, distributing, returning, transferring, or otherwise moving, storing or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the VIAHART, GOODMINTON, or BRAIN FLAKES marks or any reproductions, counterfeit copies, or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Websites, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Counterfeit Products;

h. operating and/or hosting websites at the Infringing Websites and any other domain names that are involved with the distribution, marketing,

      advertising, offering for sale, or sale of any product bearing Plaintiff's Marks or any reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with Plaintiff's Marks; and

    i. registering any additional domain names that use or incorporate any of Plaintiff's Marks.

2. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. displaying Plaintiff's images in connection with the distribution, advertising, offer for sale, and/or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff; and

    b. shipping, delivering, holding for sale, distributing, returning, transferring, or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, nor any reproductions, counterfeit copies, or colorable imitations thereof.

3. That Defendants, within ten days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner in which Defendants have complied with any and all injunctive relief ordered by this Court.

4. That this Court enter an order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, website hosts, or their administrators that are provided with notice of the injunction, cease facilitating access to any or all websites through which Defendants engage in the sale of Counterfeit Products using Plaintiff's Marks.

5. That Defendants account for, and pay over to Plaintiff any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Marks be increased by a sum not exceeding three times the amount thereof as provided by law as provided by 15 U.S.C. § 1117.

6. That Plaintiff be awarded maximum statutory damages against each Defendant in the amount of $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as this Court considers just, and if this Court finds willful use of the counterfeit marks pursuant to 15 U.S.C. § 1117(c)(2); in the alternative, that Plaintiff be awarded maximum statutory damages against each Defendant in the amount of $200,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, as this Court considers just pursuant to 15 U.S.C. § 1117(c)(1).

7. That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

8. That this Court grant Plaintiff such other and further relief as it deems to be just and proper.

Dated: June 19, 2020

Respectfully Submitted,

**CREEDON PLLC**

By: */s/ Charles A. Wallace*
James H. Creedon
Texas Bar No. 24092299
Charles A. Wallace
Texas Bar No. 24110501
3001 Dallas Parkway, Suite 570
Frisco, TX 75034
Tel.    972.850.6864
Fax    972.920.3290
jhcreedon@creedonpllc.com
cwallace@creedonpllc.com

**ATTORNEYS FOR PLAINTIFF
VIAHART, LLC**

## CERTIFICATE OF SERVICE

I certify that on June 19, 2020, I caused a true and correct copy of the foregoing to be filed on the Court's CM/ECF system, which served notice on all counsel of record.

*/s/ Charles A. Wallace*
Charles A. Wallace